branch of equity jurisprudence which authorizes the court to insist that one party shall perform the contract, and to relieve the other party from its obligations.

The opportunity to enter into this new organization, after foreclosure of the mortgages and the purchase of the property by the reorganization committee, was a privilege extended to the stockholders. As already intimated, their rights in the property which their stock was supposed to represent had been cut off by the foreclosure. They were entitled to nothing, and this option or privilege was offered to them, and they had a right to accept or reject it as they saw fit. The holders of the plaintiff's stock having accepted, but failed to comply with his contract of acceptance by making the payments which were conditions precedent to his right to receive the stock sought to be recovered in this action, it is difficult to see upon what basis the plaintiff could possibly succeed. All argument is a mere restatement of the proposition that a party seeking to enforce a contract must prove that he has complied with the conditions therein contained to be performed by him, and this the plaintiff certainly has not done.

We think, therefore, that the judgment should be affirmed, with costs.

FOLLETT and BARRETT, JJ., concurred.

Judgment affirmed, with costs.

---

ANDREW FREEDMAN, as Temporary Receiver of THE MANHATTAN ATHLETIC CLUB, Plaintiff, *v.* J. CHESTER CHAMBERLAIN, Defendant.

*Social athletic club — semi-annual dues payable in advance — payment of such dues in arrears to a receiver.*

The Manhattan Athletic Club, organized under chapter 267 of the Laws of 1875, for the particular purposes of encouraging athletic exercises and games, and promoting social intercourse among its members, and having a club house equipped for those purposes, being financially embarrassed, its trustees, on January 28, 1893, applied for a dissolution of the corporation, and obtained the appointment of a temporary receiver. On February twentieth, following, the club house was closed.

The by-laws of the club provided for annual dues from the members, payable semi-annually in advance on the first days of January and July of each year, and also provided a system of posting and expulsion in case of non-payment.

Many members having failed to make the advance payment of dues on January 1, 1893, a case was submitted on an agreed statement of facts, betwen the receiver and a member of the club, calling for the decision of the question whether the member could be compelled by law to pay the twenty-five dollars semi-annual advance dues payable on January 1, 1893.

*Held,* that the receiver was entitled to judgment for twenty-five dollars.

Submission of a controversy upon an agreed statement of facts.

It appears from the agreed statement of facts, dated April 19, 1893, that the Manhattan Athletic Club was organized in 1878, under the authority of chapter 267 of the Laws of 1875, entitled "An act for the incorporation of societies or clubs for certain lawful purposes."

The particular objects of the club, as organized under said law, were the practice and encouragement of gymnastic and athletic exercises and games, and to promote social intercourse among its members.

The club adopted a constitution and by-laws, acquired a valuable club house on Madison avenue, in New York city, elaborately equipped as a club house and gymnasium combined; also an athletic field at One Hundred and Fifty-fifth street and Eighth avenue; and a well-equipped boat house on the Harlem river.

Membership in the club carried with it the use of such property.

The defendant herein became a resident, active member of the club in 1890, paying his initiation fee and all dues to January 1, 1893.

The annual dues for such a member were fifty dollars, payable, according to section 1 of article 8 of the by-laws, twenty-five dollars in advance, on the first days of July and January in each year.

Section 3, article 3 of the by-laws provided, however, that the treasurer should, within five days after dues were payable, mail a bill for the same to each member, whereon should be printed, article 8 and article 16, sections 3 and 4 of the by-laws, and that thirty days after such dues were payable, and within thirty-five days thereafter, he should mail another bill, stamped "Duplicate, Second Notice," and that he should post on the club bulletin the names of all members who were sixty days in arrears for dues, with amounts due set

opposite their names, and that such names should remain posted until the expiration of thirty days, unless the indebtedness be sooner paid.

Sections 3 and 4 of article 16, which were required to be printed upon the bill for dues, were as follows: " Section 3. When any member shall be in arrears for sixty days in the payment of dues, it shall be the duty of the treasurer to post his name on the bulletin of the club house, with a statement of the amount such member is in arrears." " Section 4. If a member fails to pay the regular dues within ninety days from the time they become due, he shall, by that failure, cease to be a member of the club, and the board of governors must, at their next regular meeting held after the expiration of said ninety days, and on the report of the said treasurer in writing that such default has continued for that period, declare him expelled, and strike his name from the list of members; provided, that the board of governors, by a two-thirds vote, shall have power to reinstate such an expelled member, upon such terms as it may impose, if application for such reinstatement is made within a reasonable time."

Section 5 of the same article provided that " The account of every member who is indebted to the club in any amount for house credit, shall, with a copy of this section, be sent to him by mail at his last known address, on or before the fifth day of each month. The name of every member who shall have failed to pay such indebtedness by or before the fifteenth day of the month, shall, on that day, be conspicuously posted in the club house, and shall so remain until the account is paid. No member while posted shall receive further credit."

Section 6 provides that " Any member who shall be in arrears for house rent may be suspended by the governors, from the privileges of the club, until such arrears are fully paid, or shall cease to be a member of the club, in the discretion of the governors, by a vote of at least seven members of the board, and he may be reinstated by a like vote on payment of arrearage. Notice of any such action shall be posted on the bulletin board."

Section 7 provides that " The house committee may at any time limit or suspend the credit of any member, but notice of such action shall first be given to such member in writing."

In January, 1893, the club had become financially embarrassed, and the plaintiff was appointed temporary receiver in dissolution proceedings, upon the petition of a majority of the directors and trustees, but without the actual knowledge or actual consent of defendant.

The unsecured liabilities of the club were over $300,000, and the secured indebtedness over $750,000. The whole amount of advance semi-annual dues, payable on January 1, 1893, by article 8 of the by-laws, was $48,071. The amount of such dues unpaid on January twenty-eighth, when the temporary receiver was appointed, was $23,883.24. The amount of such dues remaining unpaid upon the submission of this case was $18,029.23.

The credit system mentioned in sections 5, 6 and 7 of article 16 of the by-laws, and which had been in vogue, was suspended on January 31, 1893, and the members were thereafter required to pay cash for all purchases, and such privileges for which a fee was chargeable. In other respects the club house was kept open till February 20, 1893, when the club was closed because the expense of running it exceeded the revenue derived from the patronage of the members, and no other club house or quarters with such club privileges have been provided.

The first mortgage upon the club property, amounting to $400,000, is under foreclosure, and all the property of the club is advertised by the temporary receiver to be sold at public auction.

The defendant has not paid his membership dues to the club, payable in advance on January 1, 1893, as provided in the by-laws, although the same has been demanded by the receiver.

The bills heretofore mentioned provided to be sent by the treasurer to members, were mailed, but the defendant's alleged indebtedness for dues was not posted in the club house, as provided by the by-laws.

The question submitted to the court was as follows:

" Is the defendant liable for his semi-annual membership dues to the Manhattan Athletic Club, which, by the terms of the by-laws, were and are declared to be payable January 1, 1893 ?

" If this question be answered in the affirmative, then judgment is to be rendered in favor of the plaintiff and against the defendant for the sum of twenty-five dollars ($25), without costs.

" If the question be answered in the negative, then judgment is to be rendered in favor of the defendant and against the plaintiff, without costs."

*C. E. Rushmore,* for the plaintiff.

*A. B. Havens,* for the defendant.

VAN BRUNT, P. J.:

Judgment should be rendered in favor of the plaintiff for twenty-five dollars; but as costs on the submission of a controversy are always in the discretion of the court, I do not think costs should be directed in favor of the defendant.

FOLLETT and BARRETT, JJ., concurred.

Judgment for the plaintiff for twenty-five dollars, without costs.

---

DAVID A. WHITE and Another, Respondents, *v.* WILSON REID, Appellant.

*Judgment of another State — fraud, as a defense to its enforcement in this State.*

The defendant, in an action brought in the State of New York upon a judgment recovered against him in another State, is not precluded by the fact that he appeared and set up a defense in the action in which the judgment was obtained, from attacking and avoiding the judgment on the ground of fraud, in that the plaintiff, by fraudulent representations and assurances that such action would be discontinued, induced him to abandon his defense and not to appear further therein.

APPEAL by the defendant, Wilson Reid, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 3d day of March, 1893, upon a verdict rendered by direction of the court at the New York Circuit.

*D. D. Sherman,* for the appellant.

*J. S. Melcher,* for the respondents.