Bissell, J.,
delivered the opinion of the court.
The right of the corporation to enforce the payment of *423 clues by an action at law is somewhat seriously contested by the defendant in error, although we are cited to no case which directly denies it. The authorities generally concur in holding that the corporation has two remedies, of either of which it may avail itself for the purposes of compelling payment. The common law remedy remains, unless there is a statutory limitation. The doctrine has been referred to in many cases where this was not the sole question, and decided in others where the direct question was presented. United Hebrew Assn. v. Benshimol, 130 Mass. 325; Freedman v. Chamberlain, 70 Hun, 193; Palmetto Lodge v. Hubbell, 2 Strobhart, 457; New Haven Central R. R. v. Johnson, 30 N. H. 390; Cook on Stock & Stockholders, sec. 124.
Many others might be cited, but these are sufficiently illustrative of the general proposition. The only matters which the cases discuss are the provisions of the constitution and bylaws of the corporation, and the statutes of the state, to ascertain whether, in either the one or the other, there is a limitation on the right, or whether it was the evident intention of the corporation to restrict itself to the remedy afforded by the sale of the certificate, and the application of the proceeds to the payment of the claim. There is no such limitation in the statutes of this state, nor is there any provision in the articles of incorporation, the by-laws, rules and regulations of this corporation which compel such a construction. The title to the certificate vested in the member, and while the corporation might proceed to expel him and enforce the payment of the unliquidated assessments by the sale of the certificate, yet it was manifestly not within the contemplation of either of the parties that this should be the sole and only-remedy. There is reserved to the member the right to sell and transfer the certificate on the consent of the governing body, and the member’s title to whatever might remain after the sale and the liquidation of the assessments was regarded as his personal property. The same rights were conceded to the estate of the decedent, and all the provisions respecting it rebut any inference that the Chamber of Commerce *424 intended to look to the certificate alone for the collection of its unpaid assessments. A more unanswerable reason in support of the remedy is found in the specific agreement entered into by Green to pay all dues which might be assessed against him. It was founded on a sufficient consideration, and would undoubtedly support an action on proof of the levy and a failure to pay so long as his membership continued. We must therefore conclude it had the right to proceed in either one of two ways to enforce the obligation which the member had assumed.
The remaining question is almost equally free from difficulty, and we have been referred to no case directly in point which adjudges the membership forfeited by the failure to pay the assessments. In most of the cases cited, the member was insisting upon certain rights which were contested by tbe association. They did not spring from an attempt on the part of the association to enforce the member’s obligation. This, however, makes very little difference in the general rule applied in such cases, or in the principle which underlies them all and must control this decision. The only inquiry is whether, according to the terms of the incorporation, or the language of the rules, by-laws, and regulations' governing it, the inference may be legitimately indulged the parties intended that membership should cease in the event of a failure to pay the levied assessment. As the cases generally put it, the question is, must it necessarily be concluded it was the purpose that the membership should ipsofaoto terminate on such failure? No principle is better settled, or of more universal application, than that all regulations of a quasi penal character which affect a forfeiture must be strictly construed. It is never assumed that the forfeiture will follow unless the result is compelled by the language, evident purport, ánd necessary construction of the terms relied on. No such construction is necessarily derivable from the terms of this agreement. By the by-laws the member was permitted to sell the certificate to a person agreeable to the governing body, and the proceeds would belong to him, sub *425 jeet to any deduction for the sums which he might owe. It cannot therefore be concluded that the membership should be taken to be absolutely terminated by reason of the failure to pay. If this were true, the right to dispose of the certificate would no longer inure to the member, but would be reserved absolutely to the association, which would control the sale, handle the proceeds, and either appropriate them in their entirety, or turn over to the member what might remain after the settlement of his debts. The nonpayment of dues at the time they might accrue was evidently within the contemplation of the association, and while it provided the member should be excluded from enjoying its privileges, and should be deemed to relinquish his rights, this can only be taken as a regulation having for its object the retention by the association of the right to control its membership as against nonpaying associates. This view is strongly supported by the general rule laid down in all the cases. There is no way by which membership in a body can be terminated, unless it be otherwise directly provided by the organic law, or some rules made in conformity to it, save bj' direct action on the part of the association itself by way of expulsion or suspension, or on the part of the member by resignation. If the association desired to terminate the membership, it could not, under the general principles governing such bodies, do this, without giving notice and a right to be heard. Such is universally held to be the rule applicable to similar bodies. McDonald v. Ross-Lewin, 29 Hun, 87; Medical & Surgical Society of Montgomery Co. v. Weatherly, 75 Ala. 248; Scheufler v. Grand Lodge A. O. U. W., 45 Minn. 256; Pulford v. Fire Department of Detroit, 31 Mich. 458; Sibley v. Carteret Lodge of Elizabeth, 40 N. J. Law, 295; Commonwealth v. The Pa. Beneficial Institution, 2 Sergeant & Rawle, 140; Diligent Fire Co. v. Commonwealth, 75 Pa. St. 291; Supreme Lodge Knights of Pythias v. Kalinski, 57 Fed. Rep. 348; The State v. Trustees of Vincennes University, 5 Ind. 77.
Manifestly, Mr. Green had the right to retain his membership, to insist upon his rights as a member, and at any *426 time prior to the severance of those relations, either by himself or by the association, tender his unpaid dues and continue his relations to the body. This is stated with regard to the particular provisions of the constitution and by-laws of this organization. It might not be true in all cases, but it seems to be true in this. When this proposition is conceded, there is no escape from the conclusion the association had the right to regard him as a member; to waive their right to expel him, and to insist on his paying the assessments which had been legitimately levied against him. It was doubtless the privilege of the member to sever his relationship, tender his resignation, and escape any further liability. That he failed to do this was his own neglect, and he cannot now complain because he is required to liquidate the assessments which have been legitimately and regularly laid against him.
This discussion disposes of the only propositions needful to be considered for the determination of the issue.' We are cited to many authorities by the defendant in error, which are supposed to throw more or less light on the questions under discussion, but since they concern other matters and other controversies, the rules which they announce cannot be permitted to control our conclusions in respect to this matter.
The conclusion of the district court was right to the extent to which it went, when it entered judgment against Mr. Green for $12.00. The error consisted in a failure to assess the whole sum claimed. The judgment should have been for $42.00 instead of $12.00, and the proper judgment will be entered in this court against Mr. Green for that sum.
The judgment of the district court is therefore affirmed and modified as indicated.

Affirmed.