(26 Misc. Rep. 746.)

BUILDING TRADES' CLUB OF CITY OF NEW YORK v. HAUSLING.

(Supreme Court, Appellate Term.   March 24, 1899.)

1. CLUBS—MEMBERSHIP.
    A member of an association who received notice of its incorporation, and continued for three years thereafter to pay dues, is a member of the corporation, and liable for dues.

2. SAME—RESIGNATION.
    A member of a club and his bookkeeper testified that the latter, at the dictation of the former, had written to the club secretary, resigning from membership.   The club officers denied having received such a letter, and testified that it was not among the files where they kept all letters received.   *Held*, that such member was liable for dues accruing since the alleged resignation.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by the Building Trades' Club of the city of New York against Ferdinand M. Hausling.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Stratley, Hasbrouck & Schloeder, for appellant.
Ernest F. Eidlitz, for respondent.

MacLEAN, J.   This action was brought to recover dues and an assessment from the defendant, as a member of the plaintiff corporation, from February 1, 1896, to November 1, 1897; the defendant denying liability on the ground that he never wittingly became a member of the club as incorporated, and also because he had given in his resignation.   Admittedly, he was a member of the club while it was a voluntary association, from some time in 1890, and he continued to pay dues to its treasurer until February, 1896.   The club was duly incorporated at the end of 1892, pursuant to proceedings taken upon a resolution adopted at a regular meeting of the club held August 8, 1892.   Report of such incorporation was made at the annual meeting on February 13, 1893, whereat and when the report was accepted and adopted.   A copy of that report was mailed to all the members.   It was undisputed that notifications of the regular meetings were sent to the defendant in the manner provided by the by-laws of the club, and that for a period of three years after its incorporation he continued to pay his obligations to the club.   While he might not become a member thereof without his knowledge or against his will and consent, there was sufficient before the trial justice to determine the facts of knowledge of the incorporation and consent by implication to membership in the club as incorporated.

As to the professed resignation, concerning which counsel for defendant chiefly contended on the argument, the defendant testified that on signing a check for dues on February 18, 1895, he dictated to his bookkeeper a letter, in which it was to be stated that, as he had no benefit from the club, they would please drop him from the roll.   This his bookkeeper corroborated, adding that he had written

to the effect: "Inclosed my check for $30, being the dues, and, as I have no use or benefit from your club, I resign;" that he addressed the letter, and mailed it in the nearest box, as was his habit to mail the letters of the establishment. That any such letter was received by or at the club was denied by the treasurer and by the bookkeeper, whose duty it was to open all the mail to the club or its officers. The bookkeeper further testified that all of 'the club letters were filed, and that he had searched diligently for, and had not found, the alleged letter of ·the defendant. Upon this question of fact, also, sufficient evidence was before the trial justice to warrant his determination, which was adverse to the defendant. Judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.