## WESTCHESTER GOLF CLUB v. PINKNEY.

(Supreme Court, Appellate Term.   March 11, 1904.)

1. CLUBS—MEMBERSHIP—TERMINATION—NECESSITY FOR CLUB ACTION.

Where by-laws of a club provided that no resignation should be accepted until the member had discharged all indebtedness and given written notice of his intention to resign before the end of the half year, and further provided for notifying members of their indebtedness, and, "unless the same shall have been paid within 30 days thereafter, such name shall be dropped from the roll of members by the board of governors," the membership of one in arrears did not terminate ipso facto, without action of the board of governors.

2. SAME—ELECTION TO DROP MEMBER.—NOTICE.

Where a club's by-laws, in effect, gave it the option of dropping a member in arrears, by action of the board of governors, or retaining his name on the rolls, its action in notifying a delinquent member that he would be dropped, unless he paid his dues before a date named, sufficiently indicated its election to drop him, and justified him in assuming that he had been dropped, without seeing to it that the board of governors acted in due form; and he, relying in good faith on that assumption, could not be held liable for subsequently accruing dues.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Westchester Golf Club against Cornelius S. Pinkney. From a judgment for plaintiff for less than the amount claimed, it appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Walter L. Bunnell, for appellant.

Zizinia & Moran (Paul T. Zizinia, of counsel), for. respondent.

GIEGERICH, J. The amount involved in this action is small, the plaintiff claiming only $63; but the question presented is one of quite general interest, and must have arisen frequently before, though this seems to be the first time it has been brought to court for decision, either in this or any other state.

The facts are presented in an agreed statement, and are as follows:

The plaintiff is an incorporated club, of which the defendant was a member. Prior to May 1, 1902, the dues of the club were $24 per year, payable semiannually on the 1st days of May and November. After May 1, 1902, the dues were increased to $34 per year, payable semiannually on the same dates as before. In 1901 the defendant fell into arrears, not having paid the semiannual dues of $12 on November 1st of that year. Several times thereafter he was notified by the plaintiff of this indebtedness, and finally, in March, 1902, he received a further statement of his indebtedness to the club, with the following notice written thereon in red ink:

"If this account is not paid on or before the ———— day·of ————, 1902 [which date was prior to May 1, 1902], you will be dropped from the club without further notice."

The defendant made no answer to this, and never formally resigned from the club.

The following are extracts from the plaintiff's by-laws:

Article 3, § 8: "No resignation of a member shall be accepted until he shall have discharged his entire indebtedness to the club."

Article 6, § 4: "A member desiring to withdraw from the club must signify his intention in writing to the Hon. secretary before the first day of May or November, as the case may be, otherwise he shall be liable to pay his semiannual dues for the succeeding half year."

Article 8, § 2: "The name of any member, who shall fail to pay any fine which may be imposed upon him, or whose dues ledger or house charges shall be in arrears, for fifteen days after notice in writing by the Hon. treasurer of the amount of such indebtedness, shall be posted, together with the amount thereof, on the bulletin board of the clubhouse. The Hon. treasurer shall forthwith notify, in writing, every member so posted of the amount of his fine or indebtedness, and unless the same shall have been paid within thirty days

thereafter, such name shall be dropped from the roll of members by the board of governors."

The agreed statement of facts then proceeds as follows:

"Seventh. That the defendant, relying upon such notice and upon the provisions of the by-laws as above set forth, assumed that the plaintiff would drop him from the club in accordance with its notice, and thereafter said defendant, believing that he was no longer a member of said club, did not tender his formal resignation therefrom, nor did he ever again avail himself of any of the privileges of the club; that the club did not drop defendant's name from its said roll; that from the 1st day of November, 1901, to the 1st day of November, 1903, plaintiff has at all times treated the defendant as a member of said club, has so considered him, and from time to time during said period has sent defendant a statement showing the balance due, according to the books of the club, up to the date of such statement, the last statement showing a balance due plaintiff from defendant of $63. None of said notices were returned by defendant."

The defendant concedes he is liable for $12, with interest from November 1, 1901, while the plaintiff claims $63 principal and $5.38 interest.

Under the terms of the contract between the parties, as set forth in the above provisions of the by-laws, the defendant, of his own act, independent of any act of the club, could sever his membership, and escape liability for further dues, only by paying his entire indebtedness to date, and by presenting his resignation. Until he should do these two things, the club could hold him for the regular dues, whether he availed himself of its privileges or not. The club, on the other hand, when a member fell into arrears, had an option either to drop him from its rolls in the manner provided, in which event it could hold him, of course, only for the dues accrued up to that time, or it could refrain from such action, keep him on the rolls, and hold him liable for subsequently accruing dues. The defendant contends that the words "shall be dropped" make that provision mandatory, and that the membership of the one in arrears terminates ipso facto, and without any action of the board of governors. · The fact that provision is expressly made for action by the board sufficiently repels this contention, in our opinion, notwithstanding the imperative form of language employed. This case is quite different in the provisions to be construed from McDonald v. Ross-Lewin, 29 Hun, 87. There the by-laws provided, if any member neglected to pay dues and assessments as required, "that then and in such case such membership shall cease and determine at once without notice." Our view that the defendant's membership was not terminated by the mere fact of his delinquency, and without any act of the board, is in accordance with the decision made in Medical & Surgical Society v. Weatherby, 75 Ala. 248. In that case the by-laws provided that the first regular meeting in April should be a meeting for the revision of the roll, at which time the treasurer should report the names of all delinquent members, and that at that meeting all such names should be immediately dropped or stricken from the rolls. It was held that such action at a subsequent meeting in dropping the relator was, in the absence of notice, actual or constructive, to him, unwarranted, and he was reinstated by mandamus.

But, though the defendant's membership, and consequent rights and liabilities, would not cease by the mere fact of his being in arrears, without more, but, on the contrary, some act on the part of the plaintiff was necessary to accomplish that result, still we think the act of the club in sending the defendant notice that he would be dropped, unless he paid the dues before the date named, was a sufficient indication of its election, and warranted him in assuming that the intention so declared had been followed by the proper resolution of the board of governors. That he was legally justified in making such assumption is the only finding necessary to make in order to sustain the judgment. The ninth paragraph of the stipulation makes this the crucial question of the case, in the following language, viz.: If the defendant "was legally justified in assuming that he had ceased to be a member of said club on and after the 1st day of May, 1902, then the plaintiff can recover only the sum of $13.44," being the amount of the judgment rendered by the court below. There can be no question but that the notice was sent by authority of the club. Neither can there be any question of the fact of the defendant's reliance on such notice, nor of his good faith in so relying; this being admitted by the seventh paragraph of the stipulation, above quoted. It being thus admitted that the defendant in fact and in good faith assumed that he would, as notified, be legally dropped from membership, it is difficult to perceive why he should not be held to have been "legally justified in assuming that he had ceased to be a member of the club on and after the 1st day of May, 1902." He was not bound to see to it that he was dropped from the roll of members by the board of governors in due form. Therefore the judgment should be affirmed, but, under the terms of the stipulation, without costs.

Judgment affirmed, without costs. All concur.