---

(70 Misc. Rep. 603.)

PEOPLE ex rel. HAAS v. NEW YORK MOTOR BOAT CLUB et al.

(Supreme Court, Special Term, New York County. February, 1911.)

1. CLUBS (§ 5*)—RESIGNATION OF MEMBERSHIP.
    Acceptance is not required to give effect to the resignation of a member in good standing of an incorporated club.

    [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 5.*]

2. CLUBS (§ 5*)—RESIGNATION—"TENDER."
    A "tender" is an offer requiring acceptance, but the word is not always used in its technical sense, and, where a member of a club tenders his resignation to take effect immediately, it requires no acceptance.

    [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 5.*

    For other definitions, see Words and Phrases, vol. 8, pp. 6910, 6911.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CLUBS (§ 5*)—RESIGNATION OF MEMBERSHIP—MANDAMUS.
　　Where a member of a membership corporation tenders his resignation, he at once ceases to be a member, and is not entitled to be restored to membership by mandamus, though he attempted to withdraw his resignation before it was accepted.

　　[Ed. Note.—For other cases, see Clubs, Cent. Dig. § 4; Dec. Dig. § 5.*]

Application by the People, on the relation of Arthur C. Haas, for a writ of mandamus to the New York Motor Boat Club and others. Refused.

Edward M. Bernstein, for relator.
Douglas & Armitage (Paul Armitage, of counsel), for respondents.

GOFF, J. Application for a peremptory or alternative writ of mandamus commanding the respondent to take such action as will reinstate the petitioner to membership in good standing. On October 9, 1910, petitioner was a member of respondent, a membership corporation. On that day he sent to the club a letter, which was in part as follows:

"To the Commodore and Members of the New York Motor Boat Club:

"Gentlemen.—With the deepest regret and for reasons that absolutely compel me, I hereby tender my resignation to your club. Enclosed you will find the flag which I carried with so much pride, as well as the certificate entitling me to fly it. * * *

　　"Your former fellow-member,　　　　　　　　　　　Arthur Haas."

Before any action had been taken on this resignation by the board of directors, the club commodore wrote petitioner asking him to "hold off." On October 19th the board adopted a resolution:

"That Com. Gheen express to Mr. Haas the unanimous verdict of the board of directors that the board of governors and the club think too much of Mr. Haas to be willing to accept his resignation, and that in the interests of amity and friendship he be requested to withdraw his resignation."

On October 21st petitioner received a copy of this resolution, embodied in a letter addressed to Gheen and signed by the secretary. On the same day petitioner mailed a letter to "Mr. Frank D. Gheen, Commoder of the N. Y. M. B. C.," withdrawing his "previous communication," the context showing that he referred to the matter of his resignation. That answering letter was received by Gheen some time before a meeting of the board on November 3d. Notwithstanding that its contents were discussed at that meeting, a resolution was adopted accepting the resignation. A similar resolution was adopted the next day at a meeting of the members of the club. On November 17th petitioner filed his protest, contending that he had withdrawn his resignation before it had been accepted. Section 9 of the membership corporations law (Consol. Laws 1909, c. 35) provides:

"Each person signing the certificate of incorporation, and each person admitted to membership therein, in pursuance of law or of its by-laws, shall be a member of the corporation until his membership shall terminate by death, voluntary withdrawal or otherwise, in pursuance of the by-laws."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

That section is authority for this by-law of the club:

"All resignations must be in writing, addressed to the secretary of the club, and, if accepted, shall be accepted as of the date of such resignation and no dues charged after such date. * * * No resignation will be accepted from a member who is indebted to the club."

[1] In the absence of any law or rule to the contrary, a member of a membership corporation or of a voluntary association may resign at will by simple announcement of his intention to do so, and no acceptance is required to give his resignation effect. Chandler v. Hoag, 2 Hun, 613, affirmed 63 N. Y. 624; Smith v. Danzig, 64 How. Prac. 320; Wilson v. Brentwood Hotel Co., 16 Misc. Rep. 48, 37 N. Y. Supp. 655; Noble v. Euler, 20 App. Div. 548, 552, 47 N. Y. Supp. 302; International Bank of St. Louis v. Faber, 86 Fed. 443, 30 C. C. A. 178. Circumstances very similar to those in the present case appear in Finch v. Oake, in the English Court of Appeal (73 Law T. [N. S.] 716), in which Smith, L. J., said:

"What was the position of the plaintiff the day after he had sent his resignation? He was no longer a member of the society. He had nothing to do with it. They had no power to refuse his resignation. He had a perfect right to withdraw from the society. How could he become a member again? In my judgment, only by re-election. Assuming, therefore, that the court has jurisdiction, it certainly ought not to interfere in such a case as this."

That was a case of a voluntary association which had no rules or by-laws. The present case concerns a membership corporation, but, in the absence of by-laws, there is no reason for drawing any distinction on that account. In the present case there was a by-law affecting resignations, which is not referred to in petitioner's papers, but is set out in the answer and is not denied in the replying affidavits. However, notwithstanding the by-laws, the result will be the same as if there were none, for the following reasons: By the terms of the by-laws a resignation may be refused in one case and in that case only—indebtedness. Expressio unius est exclusio alterius. It is the duty of the club to accept the resignation of a member of the club who is not indebted "as of the date of the resignation." This resignation must be taken to have been accepted on the day of its receipt, if there were in fact a resignation. It is alleged in the petition "that your petitioner caused to be mailed to the New York Motor Boat Club his resignation," and this is admitted in the answer. Presumably the secretary is the person to whom correspondence with that club should be addressed; that is to say, the person whose name should appear on the envelope of a communication intended for the club, and the person who would receive communications in envelopes on which might appear the name of the club. In section 7 of article 5 of the by-laws, made part of the answering affidavits and not denied by the replying affidavits, one of the duties of the secretary is "to conduct the correspondence of the club." The resignation must, therefore, be taken to have been addressed to the secretary in accordance with the by-laws. Was the communication in question to be considered from its terms a resignation absolute, or was it conditioned upon acceptance before taking effect? Petitioner wrote: "I hereby tender my resignation."

[2] A "tender" is an offer requiring acceptance, but the word is not

always used in its technical sense. Thus the language of the Court of Appeals in Manhattan Co. v. Kaldenberg, 165 N. Y. 1, 10, 58 N. E. 790, 793, is "there was evidence that Faber tendered his resignation," yet, as it was "tendered" "to take effect immediately," it was held to be a resignation not requiring acceptance. So here the context shows it to have been the intention of the writer to resign immediately. He signs himself "Your former fellow-member," as if the relation had already been severed. He speaks also of returning the club flag and the certificate which entitled him to fly it. The intention of the writer, as gathered from the terms of the instrument itself, was to resign immediately. This was the understanding of the committee, who speak of it in their resolution as a "resignation," and not as a "tender."

[3] Acceptance was a purely perfunctory act which could not be delayed in its effect. Petitioner was no longer a member of the club when he attempted to recall his resignation, and could regain membership only by the method prescribed in the club constitution; that is to say, by election. Plaintiff is equally without standing in court, if it be assumed that he tendered his resignation and that it was accepted only after it had been withdrawn. His case amounts to this: That being in every respect a member in good standing the club accepted his resignation although he never offered to resign. Clearly on that theory the club's action is a nullity as if it had never acted. What, then, is the court to do? It cannot direct the club members to convene and elect him. All the club members are not parties defendant, and it would be an absurdity to elect to membership one who is already a member. The court will not direct a resolution to be adopted rescinding the resolution of acceptance, because a nullity may be rescinded only when it is a menace to rights. The situation of relator is not that of a member who has been expelled and has to endure the stigma of expulsion. Summarized, the situation is: The relator had an unqualified right to withdraw from membership. He exercised that right by sending a letter of resignation. The moment it was received he ceased to be a member, and was no longer subject to liabilities or possessed of privileges. His letter of recall had no force, since he had no standing then as a member, and the acceptance of his resignation was a mere formal, though quite unnecessary, recognition of an accomplished fact.

Mandamus refused, with costs.