## V. E. ANDERSON v. L. H. AMIDON.[1]

April 21, 1911.

Nos. 17,013—(80).

**Unincorporated social club.**

The relation of members to unincorporated social clubs and societies is contractual, and the articles of association or by-laws constitute the terms of their agreement.

**Same — payment of dues.**

Provisions of the articles of association imposing upon members the payment of dues and assessments at stated times, and subscribed to by them, create a legal obligation upon the part of each member to pay the same, so long as the society remains a going concern and his membership therein continues.

**Unpaid dues — action by assignee.**

Unpaid dues may be assigned by the association, and the assignee thereof may maintain an action to recover the same.

Appeal by defendant from the judgment of the district court for Traverse county, entered pursuant to the order of Flaherty, J., affirming a judgment of justice court in favor of plaintiff for $85.39. Affirmed.

[1] Reported in 130 N. W. 1002.

*Charles E. Houston* and *F. W. Murphy,* for appellant.
*V. E. Anderson,* pro se.

BROWN, J.

This action originated in justice court, where plaintiff had judgment. Defendant appealed to the district court upon questions of law alone, and the judgment of the justice was affirmed. Defendant then appealed to this court.

The evidence introduced on the trial before the justice and returned on the appeal justified the court in finding the following facts:

The Wheaton Commercial Club is an unincorporated association, composed of the citizens and business men of the village of Wheaton, banded together under written articles of association for social and literary purposes and the promotion of the commercial interests of the village. The articles of association provide, among other things, that members of the club shall subscribe to the articles of association, and pay the prescribed initiation fee and annual dues of $12, payable quarterly. The articles also provide that, when the dues of a member shall remain unpaid for a period of two months, "his membership may be declared forfeited by a majority vote of the executive committee," and, further, that no member in arrears for dues or other indebtedness to the club shall be permitted to resign his membership, except by a two-thirds vote of the executive committee. The management of the affairs of the club is committed to an executive committee, composed of seven members and the president, vice president, secretary, and treasurer, who are authorized to transact practically all the business of the club. The initiation fees and dues received from members are used and expended in the discharge of the financial obligations of the association. The articles contain numerous other provisions defining the rights and duties of members, and for the conduct of the affairs of the club, but are not material to the question involved in this action, and are not, therefore, stated.

Defendant, upon proper application, became a member of the club in November, 1905, and continued such at least until the con-

troversy here involved arose, and duly paid all dues and assessments imposed by the articles of association until January 1, 1908. He paid no dues subsequent to that date, and on August 18, 1910, was indebted to the club therefor in the sum of $27. This he refused to pay, and on the date stated, at a meeting of the club, the claim was assigned and transferred to plaintiff, who thereafter brought this action to recover the amount thereof.

We need not stop to inquire into or to discuss the status in law of unincorporated associations formed for purely social purposes, and engaged in no business for pecuniary gain; for defendant's liability depends upon the question whether, by becoming a member of the club and subscribing to its articles of association, he became legally obligated to pay the dues and assessments thereby imposed. If he so became indebted, the question whether the same could be enforced by the club in an action at law or by a proceeding in equity is not important. It is probable that, since the club is an unincorporated social association, no action at law could be maintained by it to recover the unpaid dues, though it is not clear but that such an action could be maintained in the name of the executive committee, the body designated by the articles of association for the management of the affairs of the club. Raggett v. Bishop, 2 C. & P. 343. But we do not decide this question. It is not involved in the action. The claim, whatever it amounts to, was by the club assigned to plaintiff, and the action is brought in his own right, and not for or in the interests of the club.

The claim came to him as a chose in action, and though he stands in no different or better position than the club, as respects defendant's legal liability, if a valid obligation, he may enforce it by the usual remedy, by action at law, and is not necessarily limited to those remedies to which the club might be required to resort.

Upon the question whether defendant, upon becoming a member of the club, legally obligated himself to pay the dues prescribed by the articles of association as they became due, we are cited to no case directly in point, and in the time allotted for research to this case we have found none passing upon the precise question.

Raggett v. Bishop, supra; Building Trades v. Hausling, 26 Misc.

746, 56 N. Y. Supp. 1056; Freedman v. Chamberlain, 70 Hun, 193, 24 N. Y. Supp. 388; Westchester v. Pinkney, 43 Misc. 338, 87 N. Y. Supp. 154, and Webster v. Taplin, 29 Ohio C. C. 543, though perhaps not in all respects parallel cases, sustain the liability. But upon the general principles of the law governing associations of this kind, and the rights and liabilities of their members, we have no difficulty in reaching an affirmative answer to the question.

Associations of this character are unknown at common law, but have been recognized in certain respects by statute, particularly in extending to them the right of action in their association name. Apart from such statutory recognition, they have no legal entity, and the relation of the members to each other and to the organization is contractual, and the articles of association or by-laws constitute the terms of their agreement.

The courts are practically uniform in holding the articles of association, where not in contravention of the law, binding upon the members, and the measurement of their rights and liabilities. Austin v. Searing, 16 N. Y. 112, 69 Am. Dec. 665, and note; 27 Alb. Law J. 326. This includes, of necessity, an obligation to pay the dues and assessments prescribed by the articles of association as necessary to defray the expenses of the club. And when a person becomes a member, and subscribes to the rules and by-laws imposing the same, he thereby becomes legally liable to pay and discharge his obligations in this respect, so long as the association remains a going concern and he remains a member. 25 Am. & Eng. Enc. (2d Ed.) 1136. The law in such case will imply a promise to pay, and the consideration necessary to support the same is found in the united undertaking and the mutual promises of the several members to the same effect.

Of course, in a given case, the articles of association or by-laws might provide an exclusive remedy for nonpayment, so as to preclude the right to enforce payment as a pecuniary demand. But such are not the provisions of the articles of association in the case at bar. Here the obligation to pay is made absolute, and the right of expulsion for nonpayment is not made the exclusive remedy open to the club. The defendant became a member of the club, and sub-

scribed to the articles of association, and continued such until the accrual of the dues in question. He could have withdrawn at any time, by proper notice to the club; but his statement to the secretary, when called on to pay his dues, that he did not regard himself as a member, did not answer the purpose. Westchester v. Pinkney, supra. The case differs from Duluth Club v. MacDonald, 74 Minn. 254, 76 N. W. 1128, 73 Am. St. 344, for there was no authority in that organization to levy assessments upon the members. The question was not involved in Lafond v. Deems, 81 N. Y. 507, cited by appellant.

The articles of association were properly received in evidence, and the defendant's third assignment is not well taken. We discover from the record no amendment of the articles subsequent to defendant's admission as a member of the club; at least none affecting the question here before the court.

Judgment affirmed, but without statutory costs.