BOSTON CLUB *v.* HENRY S. POTTER. JR.

Suffolk.     March 15, 1912. — May 23, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Corporation,* Social club, By-laws. *Contract. Practice, Civil,* Special findings by jury.

Where the by-laws of a social club incorporated under R. L. c. 125 provide that, if a member's "written resignation be delivered to the secretary on or before" a certain date, such member "shall not be liable for the annual dues of the next year," a resignation not received by the secretary is of no effect although it may have been delivered seasonably to some other officer or agent of the club.

The by-laws of a social club incorporated under R. L. c. 125 constitute in effect a contract between the different members and the corporation.

The by-laws of a social club incorporated under R. L. c. 125 provided that the "fiscal year" should terminate on November 30; that each member should pay "an annual assessment of $50;" that the "dues" were "payable quarterly in advance . . . but any member who so" desired could "pay the whole annual assessment in advance," and that "any member who" was "not at the time indebted to the club" might "send to the secretary his written resignation and upon acceptance thereof by the executive committee he" should "cease to be a member." A member, who had paid his dues to and including November 30 of a certain year, without making any further payment sent to the secretary of the club a resignation in writing on December 9. *Held,* that the resignation was of no effect to relieve him from liability for the dues which had accrued on December 1, because the by-law allowed resignation under such circumstances only if the resigning member was not indebted to the club when his resignation was tendered.

Where by the by-laws of a social club incorporated under R. L. c. 125 annual dues become due on December 1, and are "payable quarterly in advance," the facts, that on a May 5 the property of the club is placed in the hands of a receiver by order of the Superior Court and that the members are deprived of some of the benefits of membership, do not exempt members from liability for dues for the entire year which began on the preceding December 1.

Under a by-law of a social club incorporated under R. L. c. 125 which provides that, "upon failure" of a member "to pay [his club dues] within two months after they become due [such member] shall cease to be a member of the club," mere failure of a member to pay an annual assessment within two months after it becomes due does not cause his membership to cease so as to exempt him from liability for the year's dues.

Where at the trial of an action of contract the presiding judge submits several special questions to the jury, some of which are immaterial, and on the answers of the jury to those of the questions which are material the judge correctly orders a verdict for the plaintiff, exceptions by the defendant will not be sus-

tained merely because it appears that an answer of the jury to one of the immaterial questions may have been inconsistent with their answers to others of the immaterial questions.

CONTRACT for $50 alleged to be owed by the defendant as club dues for the year beginning December 1, 1907. The action was brought in the name of the plaintiff, a social club incorporated under R. L. c. 125, by Oscar A. Marden, Esquire, who was appointed receiver of its property by a decree of the Superior Court on May 5, 1908. Writ dated May 13, 1910.

In the Superior Court the case was tried before *Lawton*, J.

From the evidence and the findings of the jury in answer to special questions submitted to them by the judge, it appeared that the defendant was a member of the plaintiff on January 1, 1907, and that at that time and when he became a member the following by-laws were in force:

"Article IV, Sect. 4. Each resident member shall pay an entrance fee of $50 when elected, and an annual assessment of $50. Each non-resident member shall pay an entrance fee of $25 when elected, and an annual assessment of $25.

"Sect. 5. Every member shall within thirty days after his election pay to the treasurer his entrance fee, and his membership shall commence from the date he complies with the above requirement, and will be equivalent to signing the constitution and by-laws.

"The dues are payable quarterly in advance on the first day of March, June, September and December, but any member who so desires can pay the whole annual assessment in advance.

"A member elected after the first day of March, June, September or December shall only be required to pay his proportion of the quarterly dues computed from the first of the month following his election.

"Any member failing to pay his dues within thirty days after they become due shall be posted on the bulletin board and notice thereof be mailed to his usual address by the treasurer, and upon failure to pay within two months after they become due shall cease to be a member of the club.

"Article VI, Sect. 7. The fiscal year shall terminate on the thirtieth day of November in each year, and the books shall be closed at midnight on that day.

"Article VII, Sect. 6. Any member who is not at the time indebted to the club may send to the secretary his written resignation and upon acceptance thereof by the executive committee, he shall cease to be a member; and, if his written resignation be delivered to the secretary on or before the thirtieth day of November or the thirty-first day of May in any year, he shall not be liable for the annual dues of the next year."

On or about January 8, 1907, the defendant prepared and mailed to the plaintiff a resignation from the club, which was received by some officer or agent of the club other than the secretary, but never was received by the secretary.

At the close of the evidence the defendant asked for the following rulings, which were refused:

"1. On the answers of the jury to the questions submitted to them and on the agreed facts, the verdict must be for the defendant.

"2. The consideration for the dues for which this suit is brought failed when the club house of the plaintiff was closed and no recovery can be had for any proportion of the dues after that date.

"3. Sixty days after December 1, 1907, the defendant ceased to be a member of the Boston Club by reason of failure to pay his dues, if he were such member on December 1, 1907, and no liability for dues after February 1, 1908, can be enforced.

"4. The obligation of the defendant to pay dues was not an obligation for $50, beginning on December 1, 1907, but only for $12.50, the first quarter's dues, and this obligation was never for more than one quarter's dues at a time; in other words, it was a quarterly and not an annual obligation."

Special questions were submitted to the jury by the judge. The facts found in answer to those of the questions that were material are stated in the opinion. Those of the questions and answers, which are held by the court to have been immaterial, were as follows:

"3. Did the Boston Club, or any of its officers or agents other than the secretary, receive a resignation from the defendant on or about January 8, 1907? — Yes."

"6. Did the plaintiff, by its conduct and its votes, construe its by-laws, or adopt as their meaning, that failure of a member to pay his dues for sixty days after they became due, *ipso facto* and

without any further action on the part of the officers of the club, terminated the membership of such delinquent member ? — Yes.

"7. Did the members of the Boston Club understand and acquiesce in the construction of its by-laws that failure to pay dues within sixty days after they became due, *ipso facto* and without any further action on the part of the officers of the club, terminated membership therein ? — Yes.

"8. Did the plaintiff, by its conduct and its votes, construe its by-laws, or adopt as their meaning, that a member could be dropped from membership for failure to pay dues within sixty days after they became due, only by a vote of the executive committee? — Yes."

On the answers of the jury to the questions specially submitted to them, the judge ordered a verdict for the plaintiff; and the defendant alleged exceptions.

*H. T. Richardson* & *G. A. Sweetser,* for the defendant.

*C. M. Ambrose,* for the plaintiff.

SHELDON, J. The plaintiff's right to recover depends upon whether the defendant was one of its members and was liable for dues on December 1, 1907. He had been such a member, but he claimed that he had resigned his membership on January 8, 1907, and that his resignation had taken effect on or before November 30, of that year.

His letter of resignation, though seasonably delivered to some clerk or other officer or agent of the plaintiff, was not received by its secretary or passed upon by its executive committee. Therefore it never took effect under Article VII, Sect. 6, of the by-laws. Resignation, with a cessation of further liability for membership dues, was a privilege of the member, and to avail himself of it he must comply with the terms of the by-law creating the privilege. *Raggett v. Bishop,* 2 C. & P. 343. *Building Trades Club v. Hausling,* 26 Misc. N. Y. 746, and 56 N. Y. Supp. 1056. The by-laws constituted in effect a contract between the different members and the corporation. *Flint v. Pierce,* 99 Mass. 68, 70. *Dolan v. Court Good Samaritan,* 128 Mass. 437. In *Finch v. Oake,* [1896] 1 Ch. 409, 415, and 73 L. T. (N. S.) 716, and *People v. New York Motor Boat Club,* 129 N. Y. Supp. 365, the resignation had been received by the proper officer, and in the first named of those cases this was treated by Lindley, L. J., as the decisive point.

The defendant's resignation of December 9, 1907, cannot avail him because he then owed the club for the dues which had accrued on December 1 of that year. It was only a member not then indebted to the club who could send to the secretary a written resignation. This was the provision of Article VII., Sect. 6, of the by-laws. *Westchester Golf Club* v. *Pinkney*, 43 Misc. N. Y. 338, and 87 N. Y. Supp. 153.

The appointment of the receiver and the closing of the club house, depriving the defendant of some of the benefits of membership, furnish no defense to the action. His liability for the annual dues was fixed on December 1; it was a liability for the whole amount thereof, though he could liquidate it in quarterly payments. The subsequent instalments were *debitum in præsenti, solvendum in futuro*. *Rogers* v. *Boston Club*, 205 Mass. 261, 269. *Freedman* v. *Chamberlain*, 70 Hun, 193.

Nor did his membership cease *ipso facto* on February 1, 1908, under the last clause of Article IV., Sect. 5, of the by-laws, because of his failure to pay his dues within two months from December 1, 1907, so as to relieve him from further liability for those dues. He could not by his own failure terminate the responsibility which he had assumed, though the club might have done so. *Gray* v. *Christian Society*, 137 Mass. 329. *Medical & Surgical Society of Montgomery County* v. *Weatherly*, 75 Ala. 248. *Plattdeutsche Grot Gilde* v. *Ross*, 117 Ill. App. 247.

As no resignation by him ever took effect, we need not consider whether, if this had been otherwise, his liability would have been limited in amount by the provisions of Article VII., Sect. 6, of the by-laws.

The third special finding of the jury is not material. It was of no consequence that the defendant's resignation came to some agent of the plaintiff, such as a clerk at its office, if that resignation did not reach the necessary officer. Nor are the sixth, seventh and eighth findings material. It does not matter whether the eighth finding can be reconciled with the others, or, if they cannot be reconciled, what the effect of the inconsistency would be.

The judge acted rightly in refusing the defendant's requests for rulings and in ordering a verdict for the plaintiff.

*Judgment on the verdict.*