Locust Club, Appellant, *v.* Einstein.

Argued October 4, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*J. Myron Honigman,* for appellant.

*D. Benjamin Kresch,* for appellee.

OPINION BY BALDRIGE, J., December 17, 1937:

This action in assumpsit was brought to recover an assessment of $100 levied against the defendant as a

member of the plaintiff club, a non-profit corporation. The trial judge, sitting without a jury, found for the defendant. Motions for a new trial and for judgment n.o.v. were dismissed. This appeal followed.

The board of directors of the club at a regular meeting on March 12, 1935, received a financial report of the club, which disclosed a large operating deficit. In pursuance of article 3, section 3, of the by-laws, they passed a resolution "that an assessment of $100 be levied on all active members due immediately; payable on May 1st or quarterly at the rate of $25 beginning May 1st." The minutes show that this motion was passed unanimously and that the board directed the secretary to send out notices calling a special meeting of the members to be held at the club house on April 2d.

On March 13, 1935, the defendant was notified of the board's action. On March 14, 1935, he tendered his resignation as a member of the club and refused to pay the assessment, contending that the action of the board in levying the assessment was not final.

The question before us, therefore, is whether the assessment became effective on March 12, 1935.

There is nothing in the minutes of the meeting of the board of directors which indicates that the assessment "due immediately" was to be deferred until the special meeting of the members, and there is no by-law requiring ratification or approval of an assessment by the members. We infer that the primary purpose of calling the special meeting was to discuss various proposals that had been made to meet the club's financial situation. In any event, the members of the club at the special meeting did not attempt to alter or modify the amount of the assessment levied by the board.

The Non-profit Corporation Act of May 5, 1933, P. L. 289, art. VI, §602 (15 PS §2851-602), placed in the directors the authority to levy assessments:

"Non-profit corporations may levy dues or assessments, or both, upon their members, if authority to do so is conferred either by the articles or the by-laws, and subject to any limitations therein contained...... The amount of the levy and method of collection of such dues or assessments, or both, may be fixed in the articles or by-laws, or the articles or by-laws may authorize the board of directors to fix the amount thereof from time to time, and make them payable at such time and by such methods of collection as the directors may prescribe." See, also, 14A C. J. §1842, p. 81.

The appellant, upon joining the club in 1933, submitted himself to the acts of the directors as the common representative of all the members. He was not only clothed with all the rights of membership, but was bound by any assessment made by them, unless there was fraud or gross mistake, of which there is no proof.

The decisions involving the liability of members of mutual benefit associations or insurance companies uniformly recognize the right to make assessments to meet their losses and expenses, and offer us some guidance: *Hummel & Co.'s Appeal,* 78 Pa. 320; *Columbia Ins. Co. v. Buckley et al.,* 83 Pa. 293; *Knouse v. Mutual Fire Ins. Co. of Millville,* 78 Pa. Superior Ct. 542; 3 Couch Cyc. of Insurance 596. We have not found this exact question ruled by any of our cases, but it has been held in other jurisdictions that a member of a non-profit association, when called upon to pay dues, cannot avoid liability therefor by resigning: *Anderson v. Amidon* (Minn.), 130 N. W. 1002; *Boston Club v. Potter* (Mass.), 98 N. E. 614.

We might add that the board of directors, in whom the authority to levy assessments on the members of the club is solely vested, did nothing to relinquish that power.

We are of the opinion that this assessment became

operative on March 12, 1935, and that the defendant's attempted resignation on March 14, 1935, did not relieve him of liability for the assessment previously due.

Judgment is reversed, and is now directed to be entered for the plaintiff.