## Dunbar Baptist Church, etc., v. Lake

*Thomas A. Waggoner, Jr.*, for plaintiffs.
*J. Clark Glassburn*, for defendant.

CARR, J., November 2, 1942.—This is a proceeding in equity prosecuted on behalf of an unincorporated church by certain of its members in their names as trustees ad litem, to enjoin defendant, who it was alleged had formerly been pastor of the church but had resigned, from exercising that office and from interfering with the control and management of the property and finances of the church.

In his answer to the bill defendant admitted that he had tendered his resignation, but averred that on its submission to the members of the church at a congregational meeting they had voted not to accept it, and that he had subsequently reconsidered and withdrawn it; wherefore he contends that his tenure has not been terminated. . . .

The questions for our determination are whether defendant resigned the pastorate of the church, and if so, whether he had the right to withdraw his resignation.

Section 17 of article 3 of the constitution and bylaws of the church provides, in respect to the pastor, that "His official relation shall be dissolved by his resignation after he feels his work on the field is completed". We note that in his letter accompanying his resignation defendant referred to his "decision", implying, of course, his considered judgment that his work in the church at Dunbar was completed. Doubtless he realized, as everyone must, that a house divided against itself cannot stand. The word "tender" as used by him in the expression "I herewith tender my resignation" is an idiomatic term of politeness, carrying no connotation other than one of modesty, gentleness, or humility. It does not make a resignation in any sense tentative or provisional: Webster's Dictionary of Synonyms, p. 585. Nor did the clause "to become effective within three months" signify anything more than defendant's recognition of the right of the church, under the constitution and bylaws, to that notice of his retirement,

since it was provided in such case that "a three months' notice may be expected". Accordingly, it seems clear that he did not merely offer to resign, but acted with appropriate finality to dissolve his official relation to the church and effectively put an end to his pastorate as of the expiration of the notice given. He exercised a right to resign that by the law of the church was absolute. No acceptance of his resignation was necessary for the church had no power to refuse it. Upon receipt of it the church had the immediate right to seek and to call a successor, whose tenure would begin at the time set by defendant for relinquishing his office. If he could thereafter recall his resignation, the church would not be in a position to act at all until he had actually left; even when he had left, it could not be known with certainty that he would not return within the three months' period and reclaim the office, as indeed he attempted to do, and thus the purpose of the notice to enable the church to avoid a break in the continuity of the pastorate would be nullified. Such conception of the meaning and effect of a resignation is plainly unreasonable, contrary to ecclesiastical policy, and inconsistent with the express language of the articles governing defendant's relation to the church. In our view, therefore, the office of pastor of the church is now vacant: Finch v. Oake, (1896) 1 Ch. 409, 73 Law T. N. S. 716; The Queen v. The Mayor and Town Council of Wigan, 14 Q. B. D. 908; Maitlands' Case, 4 De. G. M. & G. 769, 43 Eng. Repr. 708; People ex rel. v. New York Motorboat Club et al., 70 Misc. 603, 129 N. Y. Supp. 365; Fiske, etc., v. Beaty et al., 120 Misc. 1, 198 N. Y. Supp. 358. . . .

*Decree nisi*

And now, November 2, 1942, upon and after consideration of the foregoing case, it is ordered, adjudged, and decreed, nisi, as follows:

1. That defendant, L. James Lake, be and he is hereby permanently enjoined and restrained from ex-

ercising the office of pastor of the Dunbar Baptist Church, of Dunbar, Pa., from entering upon or occupying its property, and from interfering in any manner with its finances or the conduct of its affairs, spiritual or temporal.

2. That defendant pay the cost of this proceeding.

NOTE.—On January 18, 1943, the court en banc dismissed exceptions to the foregoing decree nisi.