Tonica and Petersburg Railroad Co. *v.* McNeely, Adm'r, etc.

THE TONICA AND PETERSBURG RAILROAD COMPANY, Plaintiff in Error, *v.* WILLIAM MCNEELY, Administrator, etc., Defendant in Error.

ERROR TO MENARD.

A stock subscription made in contemplation of a charter to construct a railroad, is a valid contract, and can be enforced.

Where the objects of a contract are lawful, and it is founded upon a good consideration, and is entered into by parties capable of contracting, it creates a legal obligation, which may be enforced according to its terms.

IN 1856 a voluntary association, in the name and style of the plaintiffs, was formed for the construction of a railroad from Tonica to Jacksonville, in this State, contemplating an application to the next session of the legislature for an act of incorporation. Said association was organized by the election of officers, and subscriptions of stock, in shares of one hundred dollars each, were obtained in that year, for a large amount. The intestate subscribed two shares, and died some days before the incorporation of the plaintiffs. By consent of parties this case was tried by the court, HARRIOTT, Judge, and the plaintiffs proved on the trial, the organization of their company, calls by the directors for the whole of the stock, and notices to stockholders, by advertisements in two newspapers. The court rendered judgment for the defendant below.

D. A. AND T. W. SMITH, for Plaintiff in Error.

McNEELY & WALKER, for Defendant in Error.

CATON, C. J. A subscription made in contemplation of a charter to construct a railroad or to accomplish any other legitimate object, is a valid contract between the parties, and as such may be enforced, the same as any other contract. The object of the contract is lawful, and it is founded on a good consideration, which is the mutual promise expressed in the contract. Upon the general principles of law by which all contracts are governed, we are at a loss to see what objections are to be urged to the enforcement of such a contract, which could not be urged to any other contract, for the payment of a specified sum of money. There is no pretense in this case, that the objects contemplated by the contract are not provided for by the charter, or that the charter which was obtained, or the organization or action under it, were not in strict pursuance of the contract. No such defense has been insisted upon. But it is simply claimed that the contract was void—a *nudum pactum.* We are of opinion that where the objects of a contract are lawful, and it is founded upon a good consideration, and is entered into by parties capable of contracting, it creates a legal obligation, which may be enforced according to its terms. We know of no law against this proposition, but are very familiar with a great deal for its support.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*