72  247
28a 632
72  247
79a 455

# TRUSTEES OF KENTUCKY BAPTIST EDUCATION SOCIETY

*v.*

# GEORGE W. CARTER.

CONSIDERATION — *subscription as a donation to educational institutions.* Where a subscription to an educational society is made upon condition that a certain amount shall be obtained in cash, or promissory notes given, for the same purpose, the labor and expense necessary to obtain such amount, if it is obtained, is a good consideration for the subscription.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. SAMUEL P. WHEELER, for the plaintiffs in error.

Messrs. GREEN & GILBERT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was assumpsit, in the Pulaski circuit court, on an instrument in writing, as follows :

" $250.                    VERSAILLES, *February* 16, 1857.

I promise to pay to the trustees of the Kentucky Baptist Education Society, or order, two hundred and fifty dollars, for value received. This is a donation, which shall be binding and due when the sum of seventy-five thousand dollars shall be obtained in cash, or promissory notes, given for like purpose. One-fifth of this donation shall be paid when the above sum is obtained, and the balance with interest in four equal annual payments thereafter. The fact that such sum has been obtained, and the time when completed, shall be determined by the executive committee of said trustees, and entered upon their record. The certificate of the chairman of said committee shall be evidence of the fact.

GEORGE W. CARTER."

The amended declaration contained all necessary averments, and a trial was had on the general issue, and a special plea to the first count, that the instrument declared on was executed and delivered as a donation, and without any consideration. There were other issues of law not necessary to be considered in the view we have taken of the case.

The jury found for the defendant, and, on overruling a motion for a new trial, judgment was rendered against the plaintiffs for costs, to reverse which they bring the record here by writ of error.

The principal defense in the court below was placed on the ground of a total want of consideration to uphold the instrument declared upon, and this is the only important question.

In support of the theory of the defense, some cases are cited and relied upon, which have been heretofore considered by this

court.    Among them is, *Limerick Academy* v. *Davis*, 11 Mass. 113.

An examination of that case will show that the subscription was made by the defendant before the institution was incorporated, and much stress is laid on that fact.    The court say, whatever may be the import or effect of this promise, the plaintiffs are not the promisees, the parties recognized by the defendant in his undertaking; for, at the time of the promise, the corporation had no existence.

This was decisive of the case, but the court said the promise was not binding by reason of a want of mutuality, and there being no valuable consideration.    Such a subscription to an academy is not a contract to be enforced in an action at law.

This court held, in *Cross* v. *The Pinckneyville Mill Co.* 17 Ill. 54, that a subscription to stock, made before the organization of the company, would be enforced if the organization is afterwards perfected.

*McKinley* v. *Watkins*, 13 Ill. 140, cited by defendant in error, holds that a promise is void for want of mutuality, unless the person to whom it is made agrees on his part not to do the act which formed the consideration of it.    This case grew out of a horse trade, one party threatening to sue the other, when the other party promised the complaining party, if he would not sue, he would give him fifty dollars, or a horse worth that sum.

The real question underlying cases of this kind has been discussed by this court in several cases, (*Robertson* v. *March et al.* 3 Scam. 198, *Cross* v. *Pinckneyville Mill Co. supra*, *Tonica and Petersburg Railroad Co.* v. *McNeely, Admr.* 21 Ill. 71, *Prior* v. *Cain*, 25 ib. 292, *Griswold* v. *Trustees of Peoria University*, 26 ib. 41, *Thompson* v. *The Board of Supervisors of Mercer County*, 40 ib. 379, *McClure* v. *Wilson*, 43 ib. 356,) which held the doctrine that such a subscription may be enforced, if the party to whom it is made incurs any liabilities, or performs any work or labor on account thereof.

The undertaking of the defendant in this case was on the condition that the plaintiffs should raise seventy-five thousand

dollars in cash, or promissory notes, to be given by other parties, for the same purpose. To avail of this act of the defendant, the plaintiffs were required to expend time, labor, and perhaps money, in raising the additional seventy-five thousand dollars, and if they did so, and that is averred, we do not see why there is not, in morals and in law, a good consideration for defendant's promise.

There are other points made in the case, which we do not deem it necessary to notice, being satisfied the amended declaration contains a good cause of action, and the verdict and judgment should have been for the plaintiffs.

The judgment is reversed and the cause remanded, that a new trial may be had.

*Judgment reversed.*