28   629
61   124

# Trustees of Lincoln University
## v.
## Lapsley C. Hepley.

*Endowment Fund—Note—Evidence—Character of Educational Institution—Instructions.*

1. In an action brought upon an endowment fund note given for the benefit of an educational institution, it is *held:* That the struggling condition of the institution and its failure to take the position expected, constitute no defense; and that the attempt to show a failure of consideration failed.

2. An instruction having no substantial basis in the evidence is improper.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Coles County; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. WILEY & NEAL, for appellant.

If the party making the promise gets nothing, or receives no benefit, then he will not be convinced that there can be any consideration.   Yet, as a matter of fact and of law, it is perfectly well settled that there may be a good consideration for a promise without any benefit accruing to promisor, and I know of no better illustration of such consideration than the case at bar.   Colleges, seminaries and churches all over this land are built and maintained by voluntary contributions, and there is no proposition more firmly established than that where money is expended or liabilities incurred upon the faith of such promise to donate, such expenditure of money or incurring of liability constitutes a good consideration for the promise to give.   Griswold v. Trustees of Peoria University, 26 Ill. 41; Pryor et al. v. Cain, 25 Ill. 292; Trustees of M. E. Church of Indianapolis v. Garvey, 53 Ill. 401; Trustees of Kentucky Baptist Educational Society v. Carter, 72 Ill. 247.

Messrs. CHARLES BENNETT and J. W. CRAIG, for appellee.

WALL, J.   This suit was brought by appellant against the appellee upon the following instrument in writing:

"LINCOLN UNIVERSITY ENDOWMENT FUND NOTE.

"LINCOLN, ILL., October 23, 1874.

"I, L. C. Henley, of the county of Coles and State of Illinois, do bind myself, my heirs, executors and administrators, to pay to the Trustees of Lincoln University at the office of their treasurer in Lincoln, Illinois, the sum of one hundred dollars in ten annual payments of ten dollars, on the first day of October of each year hereafter, three-fifths of which shall become a part of the permanent endowment fund of said

Trustees of Lincoln University v. Hepley.

university; two-fifths may be appropriated to such other purposes as the interests of the University may require, with interest on each payment after maturity at the rate of ten per cent. per annum. The payment of this note, or the lifting of the same by a ten per cent. interest-bearing note, will entitle the giver to a one hundred dollar scholarship in said University.

"L. C. HENLEY." [SEAL.]

A trial by jury in the Circuit Court resulted in a verdict for appellee, and a motion for new trial having been overruled, judgment was rendered against appellant for costs. The record is brought to this court, and errors are assigned upon various rulings of the Circuit Court, in the admission of evidence, the giving and refusing of instructions, and in refusing a new trial. The appellee was permitted to testify that he was induced to sign the instrument by reason of the solicitations of Mr. Crider, a minister, who, representing the institution and urging the importance of a school in the interest of the church, stated that it was the intention to build up one of the best institutions of the country for the education of church people and others who might go there.

He further testified that he was afterward told by the president of the board that, " while it was a very good school, it had not reputation enough to prepare a young man for professional study, or that if he was intending that his son should study for a profession, he would send him elsewhere."

In rebuttal it was proved by appellant that the instrument sued on, with many others like it, had been accepted by the institution and had been made the basis of various liabilities incurred in conducting the school. The interest on all endowment fund notes was carried on the books as an interest fund and was devoted to the payment of salaries due to the faculty.

There had been failures to collect interest on other notes and corresponding failures to meet the liabilities of the institution.

It is probable that the school was not very successful financially or in point of attendance, and that it was in the struggling condition of many such institutions when dependent upon

a small and uncertain endowment, but there is no doubt that there was an honest effort to carry out the design of its founders and all those interested in its welfare, and to build up a useful agency of education under the auspices of the church to which appellee was attached, and it is apparent that many substantial liabilities were incurred and much important work was done upon the faith of this and similar subscriptions.

In such cases it is the settled rule in this State that the subcription may be enforced. Trustees Baptist Education Society v. Carter, 72 Ill. 247, and cases there cited. In this instance there was the additional consideration of a scholarship to which appellee was entitled and there can be no question that the undertaking was binding upon him.

The effort to show a failure of consideration because of the character of the school, was not successful. There was no warranty that any particular standard of excellence or reputation should be reached. It was proposed and intended, no doubt, to attain as much as possible in these respects, but of course this would depend mainly on the support and patronage received, and the prompt payment of promised aid. Without money there could be no rapid development, and so it was highly necessary that all who subscribed should meet their obligations as they matured.

The defense suggested is without merit and there was not sufficient evidence upon which to predicate the following instruction, given at the instance of the appellee:

"The court instructs the jury that, if they believe from the evidence that at the time of the execution of the note in controversy the plaintiff or its agent represented to the defendant, Henley, as a material inducement to sign said note, that the plaintiff had established or would establish or build up a first class institution of learning, and if the jury believe that such representation was the material inducement that caused said Henley to sign said note, and if the jury believe from the evidence that the plaintiff has substantially failed to make good such representation, then the plaintiff can not recover."

For this, and for the refusal to grant a new trial, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*