## H. Augustine and M. G. Augustine v. The Trustees of the Methodist Episcopal Society.

1. SUBSCRIPTION—*May be Revoked, When.*—A voluntary subscription toward a fund to be used in erecting or repairing a church building may be withdrawn at any time before money has been expended or liability incurred on the faith of it.

2. SAME—*Stands as a Mere Offer—What Gives the Right of Action.* —A voluntary subscription toward a fund to be used in the erection of

a church building, stands as a mere offer, and may be revoked at any time before being acted upon. It is the expending of money and incurring liability on the faith of the promise that gives the right of action.

Assumpsit, upon a subscription made to aid in defraying the expense of remodeling a church building. Appeal from the County Court of McLean County; the Hon. ROLAND A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1898. Reversed with a finding of facts. Opinion filed December 2, 1898.

KERRICK & BRACKEN and WELTY & STERLING, attorneys for appellants.

TROWBRIDGE, FLEMING & BOHRER, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $500, recovered by appellees against appellants, upon a subscription made to aid in defraying the expense of remodeling the Methodist church building at Normal, Illinois.

The grounds upon which a reversal is urged are : 1st. That appellees have no corporate existence, *de jure* or otherwise, entitling them to maintain the suit. 2d. That there was such a material change made in the plan of the structure after the date of the subscription as worked a release of it. 3d. That appellants revoked their subscription before any money had been expended, or liability incurred upon the faith of it. 4th. That valid subscriptions to the amount of $5,000, a condition contained in appellants' subscription, were not shown by the evidence. 5th. That a joint judgment could not be rendered against appellants, for the reason that H. Augustine joined his wife's name in the subscription without her knowledge or consent.

In the view we take of the case, it is not necessary to discuss in this opinion any of the grounds mentioned except the one involving the revocation.

The evidence in the record shows that in March, 1895, R. A. Brown, pastor of the Normal M. E. Church, submitted to the official board of the society a crude sketch for the remodeling of the church building. As a result of the discussion which followed, a committee on plans was appointed, and one John L. Hall, an architect from Chicago, was

retained to draw a plan showing the proposed changes. Hall submitted plans which, after some modifications, made by him at the suggestion of Brown, were decided upon, and Brown was appointed to canvass for subscriptions. The plans prepared by Hall were used by Brown in canvassing.

On the 21st of May, 1895, H. Augustine, for himself and wife, M. G. Augustine, subscribed $500. After that date some discussion arose as to changing the plans, which resulted in the rejection of the plans drawn by Hall and the adoption of others drawn by Miller & Fisher, architects, of Bloomington. While that discussion was going on, Augustine, because of animosity toward certain members of the church and because of the contemplated changes in the plans, elected to withdraw his subscription, and had an interview with Brown in which he so declared himself. That such an interview was had is not disputed, and the evidence leaves no doubt as to the fact that in it Augustine notified Brown of his election to revoke, and directed him to cancel the subscription from the list; but there is a conflict between them as to when the interview occurred. Augustine insists that it occurred on the 17th of June, 1895. Brown insists that it occurred after the 3d of July of that year, the date when the Miller & Fisher plans were adopted, when the building committee were authorized to make contracts for construction, and the trustees empowered to borrow $4,500 to complete the improvement. The importance of fixing the interview, with reference to the 3d of July, 1895, is apparent in view of the fact that prior to that time no legal liability had been incurred or money expended upon faith of the subscription.

A voluntary subscription toward a fund to be used in erecting or repairing a church building may be withdrawn at any time before money has been expended or liability incurred on the faith of it. The promise in such case stands as a mere offer, and, as a necessary consequence, may be revoked at any time before being acted upon. It is the expending of money and incurring liability on the faith of the promise that gives the right of action. 1 Parsons on Contracts, 483; Pratt v. The Trustees of the Baptist Society

of Elgin, 93 Ill. 475; Beach et al. v. First M. E. Church, 96 Ill. 177.

A careful examination of the evidence in the record satisfies us that the interview occurred at the time testified to by Augustine. He is clear in his statements and fixes the date by surrounding facts and circumstances in such a manner that no reasonable doubt is left upon our minds as to their truthfulness. Upon the other hand Brown is indefinite and testifies to no surrounding circumstances that bear out his statement that the interview occurred after the 3d of July. In addition to that Augustine is strongly corroborated by Rev. Milton L. Haney, who was sent to Augustine by Brown before the 3d of July for the purpose of persuading him to recall his cancellation of the subscription and to renew it.

It is contended by appellees that the labors of Brown as pastor of the church in securing subscriptions enough to carry out the project constituted a sufficient consideration to support the promise for the subscription of the Augustines, and that therefore there could be no revocation after subscriptions to the amount of $5,000 had been obtained. Brown, it is urged, spent time and labor which belonged to the church, while he was upon an annual salary, and as the required $5,000 was all subscribed before the interview mentioned the attempted revocation came too late. In support of that contention the case of Kentucky Baptist Education Society v. Carter, 72 Ill. 247, is cited. We do not understand that case as going to the extent urged by counsel; but if it did, the latest expressions of our Supreme Court, as contained in the cases cited above, from the 93d and 96th Illinois Reports, show a clear departure from it.

Appellees have no right to recover under the facts, and the judgment will be reversed but the case is not remanded. Judgment reversed.

FINDING OF THE FACTS TO BE INCORPORATED IN THE JUDGMENT.

We find that the subscription of five hundred dollars, which was made the basis of this suit and upon which the

recovery of judgment was had, was canceled and revoked before any money had been expended or liability incurred upon the faith of the promise contained in it, and that appellees have no cause of action against appellants.