## La Salle County Farm Bureau and Illinois Agricultural Association, Appellants, v. Joseph E. Thompson, Appellee.

### Gen. No. 7,712.

1. AGRICULTURE—*what constitutes contract of membership between member and association.* A membership agreement, signed by the member and accepted by the agricultural association, along with the member's notes which accompanied it, and acceptance thereof by the association, and its charter and by-laws, constituted the contract of membership between the parties.

2. AGRICULTURE—*liability of member refusing to pay dues to association.* The refusal of a member of an agricultural association to pay his dues, without terminating the contract as agreed on, does not, without the association's consent, end his membership or financial liability therein.

3. AGRICULTURE—*how far rules of association binding.* Agricultural associations have the right to make their own rules on admission and exclusion of members, and all who become members are bound thereby as well as by other rules, by-laws and the constitution of the association.

Appeal by plaintiffs from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed September 24, 1927.

WOODWARD, HIBBS & POOL, for appellants.

L. O. BROWNE, RECTOR C. HITT, T. E. WHITE and BUTTERS & BUTTERS, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

On May 20, 1920, appellee executed the following instrument:

## "JOINT MEMBERSHIP AGREEMENT

### In the

### La Salle County Farm Bureau and the Illinois Agricultural Association.

"I hereby join the La Salle County Farm Bureau and Illinois Agricultural Association for a period of three years and agree to pay to the Treasurer of the La Salle County Farm Bureau, the sum of $15.00 each year for a period of three years, first payment to be due June 1st, 1920; the second payment due June 1st, 1921; the third payment due June 1st, 1922. Ten dollars of said amount shall be applied as annual membership dues in the La Salle County Farm Bureau, and $5.00 shall be applied as annual membership dues in the Illinois Agricultural Association. The Treasurer of the La Salle County Farm Bureau agrees to pay $5.00 of each $15.00 installment to the Treasurer of the Illinois Agricultural Association. In case of member's death or sale of all farm interests, this membership will become null and void upon notifying the Treasurer of the Farm Bureau in writing. Earlville No. 3, Ill., 5–20–1920. Signed Jos. E. Thompson."

At the same time he executed three other instruments, each in the amount of $15 and each payable to the order of the La Salle County Farm Bureau, one being drawn on the National City Bank of Ottawa, Illinois, payable June 1, 1920, the other two were drawn on the Merchants Farmers Bank of Ottawa, Illinois, one payable June 1, 1921, and the other June 1, 1922. These instruments were alike with the excep-

tion of the dates.  The one due June 1, 1921, is as follows, viz:

"Earlville, Route 3, Illinois 5-20-1920.  To the Merchants Farmers Bank of Ottawa, Illinois.  On June 1, 1921, pay to the Treasurer of the La Salle County Farm Bureau or order, Fifteen $15.00 for dues in the La Salle County Farm Bureau and the Illinois Agricultural Association, for the fiscal year starting June 1, 1921, and charge to my account.

(Sign here) Jos. E. Thompson."

These instruments were all delivered by appellee to the La Salle County Farm Bureau and thereupon appellee's name was placed on the membership roll of the Farm Bureau.  During the month of June, 1920, the instrument payable on the first day of that month was presented by the Farm Bureau to the bank upon which it was drawn and paid.  The instruments due June 1, 1921, and June 1, 1922, were, at the proper times, presented for payment to the bank upon which they were drawn, but appellee having stopped payment, payment thereon was refused.

This is an action instituted by appellants to recover the amount evidenced by these two instruments.  The case was originally brought before a justice of the peace and subsequently appealed to the circuit court where a trial was had by the court without the intervention of a jury and from a judgment in favor of the defendant the record is brought by appeal to this court for review.

In addition to the foregoing facts, the evidence discloses that on October 16, 1914, the Better Farming Association of La Salle County was incorporated not for pecuniary profit.  The objects for which it was formed were to develop the most profitable and permanent system of agriculture possible in the County of La Salle and to promote the social, educational and financial welfare of its inhabitants in every practical manner.  Its principal office was located in Ottawa

and at the time of the hearing this office was maintained and had been maintained continuously since the organization of the Association in 1914. On May 6, 1920, the name of the Association was changed to the La Salle County Farm Bureau. It further appeared from the evidence that Roy W. Cross became connected with the Association in 1917 as office secretary and since November of that year has served as associate adviser. He testified that in May, 1920, the Bureau put on a drive for new members and upon the receipt of the checks and membership agreement herein referred to, appellee's name was placed upon the membership roll and appeared thereon at the time of the hearing. The records of the Bureau disclose that the membership of appellee in the Bureau began on June 1, 1920, and extended three years and that on June 26, 1920, $10 was received by the Bureau for it and $5 for the Illinois Agricultural Association, but that the dues for the ensuing two years have not been paid. It was stipulated that appellee on May 5, 1920, was a resident and an owner of land in La Salle County and has continued since that date to the time of the hearing to reside in and own land in La Salle County. The by-laws of the Bureau effective during the entire year of 1920, after stating the name of the Association and reciting the purpose for which it was organized, vested the management of its affairs in a Board of not more than thirty-seven directors. These by-laws provided for the election of officers, consisting of a president, vice president, secretary, treasurer and executive committee, defined their respective duties and fixed the time for the annual and special meetings and further provided that "Any resident or owner of land in La Salle County may become a member of this Association by making application therefor in writing, such membership to continue for a period of three successive years and the payment of the annual dues in the regular course of business as pro-

vided for in these by-laws. All applications for membership shall be in writing and shall be endorsed by at least two members of the Association. The annual dues of members of this Association shall be ten dollars payable on or before the first day of July.''

The Illinois Agricultural Association is also a corporation organized not for pecuniary profit. The objects for which it was formed are to promote the general interests of agriculture by studying the methods of production and distribution of farm products with the view of working out a system of greater economy and efficiency in handling and marketing the same; to encourage the production, marketing and distribution of live stock; to encourage and promote co-operative organizations of farmers; to publish and issue reports, bulletins and instructions; to effect a system of co-operation between the several farm bureaus throughout the State; to encourage and co-operate with educational institutions, societies and local organizations; to make a thorough study of legislative matters and use lawful influence in seeking the enactment of wise legislation and the defeat of unwise legislation. It has an office at 608 South Dearborn Street in Chicago, which it has maintained since its organization in 1919.

Counsel for appellee insist that the agreement upon the part of appellee to become a member of the Bureau and to pay the dues mentioned was a unilateral one, there being no consideration expressed or implied therein nor any promise made on behalf of the Bureau which would forbid its rescission or operate to make it irrevocable on the part of appellee and that his failure and refusal to pay his dues before the beginning of the fiscal year of 1921 operated as a withdrawal of his membership.

It is his further contention that if his application for membership be treated as a subscription, and, together with his checks, as his promise to pay, still it

was a purely unilateral undertaking and did not become binding until money was expended or liability incurred by appellants by virtue of it. In support of these contentions the cases of *Lehman v. Clark*, 174 Ill. 279; *Augustine v. Trustees of M. E. Society*, 79 Ill. App. 452; *Pratt v. Trustees of Baptist Soc. of Elgin*, 93 Ill. 475; *Beach v. First M. E. Church*, 96 Ill. 177; *Griswold v. Peoria University*, 26 Ill. 41, and *Richelieu Hotel Co. v. International Military Encampment Co.*, 140 Ill. 248, are cited.

The exact question here presented was not passed upon by the court in any of the foregoing cases. *Lehman v. Clark, supra,* was an action to recover the amount of an assessment made by the receiver of the Masonic Benevolent Association of Central Illinois against a member of the association to cover death losses accrued while the association was doing business. The by-laws of the association provided that if any member failed to pay an assessment within fifteen days after notice thereof had been served upon him he should forfeit his membership in the association and all benefits therefrom. The opinion reviewed numerous authorities and the court held that the application for membership, the certificate of membership, the constitution and the by-laws of the association constituted the contract of the parties and that the contract created was a contract of life insurance; that there was no promise to pay on the part of the member or nothing which could be tortured into an undertaking on the part of the member to pay for any definite length of time; that the whole scheme of insurance is based on a contract purely unilateral and whether the payment for insurance be termed a premium or an assessment, the right of the association or company is to declare a forfeiture for nonpayment of premium or assessment and not a right to recover the assessment or premium in a suit; that a contract for insurance in any benevolent association is a unilateral con-

tract and the member's failure to pay is his declaration of severance and that the forfeiture as provided in the by-laws was self-executing and the member, without any action on the part of the association, by mere force of his failure to pay, *eo instante,* ceased to be a member.

In the instant case, the so-called "Joint Membership Agreement" is not an application for membership but it is an unequivocal declaration by appellee that he thereby joined the appellant Associations for three years and thereby agreed to pay $15 at stated times, as annual membership dues. While this instrument was not signed by appellants, the evidence discloses that it was accepted by the Bureau and, in so doing, the Bureau acted not only for itself but for the other appellant and appellants thereby became bound by its provisions and appellee became a member of both the Bureau and the Association for the stated period of three years. The Bureau obligated itself to pay $5 of each $15 to the treasurer of the Agricultural Assocation, which would be applied as annual membership dues in the Agricultural Association and the remaining $10 should be applied as annual membership dues in the Bureau, and in the event of appellee's death or the sale of all his farm interests, upon notification thereof to the treasurer of the Bureau, appellee's membership would thereby terminate. This instrument, its acceptance by appellants, the notes or checks of appellee which accompanied it, their acceptance by appellants and the charter and by-laws of appellants constitute the contract of the parties hereto. The membership of the Farm Bureau was not limited by its by-laws to those who lived and owned land in La Salle County but any resident of that county was eligible to membership or a nonresident of that county who owned land therein was likewise eligible to membership. Membership, however, was to continue for a period of three successive years

according to the by-laws and dues of $10 were to be paid annually on or before the first day of July. No provision appears in the by-laws for the suspension, expulsion or withdrawal of members, hence the only provision applicable thereto is that contained in the so-called "Joint Membership Agreement" and under its terms appellee's membership could only be terminated during the three-year period by his death and notification thereof to the Bureau *or* upon the sale of all his farm interests and notification thereof to the Bureau. Neither of these contingencies occurred. This declaration and the accompanying checks or notes which appellee signed and which appellants accepted were in strict accordance with the provisions of the by-laws and his deliberate refusal to comply with his obligations to appellants without their consent cannot be said to have terminated his membership or relieved him from his financial liability to appellants. "As a general rule," says the author of the article on societies and clubs, 25 R. C. L. 56, "membership does not cease ipso facto because of one's failure to pay his dues within the time prescribed by the rules of the organization, so as to relieve him from further liability for such dues. He cannot by his own failure terminate the responsibility which he had assumed, though the club might do so. And where the obligation to pay dues is absolute, and the right of expulsion for non-payment is not made the exclusive remedy open to the club, an action for the recovery of dues even from a suspended member may be maintained." And the author of the article on corporations, 14 C. J. 840, says: "In the absence of any statute, rule, or law to the contrary, a member of a membership corporation may withdraw at any time, but where valid by-laws impose restrictions and conditions precedent, these must be satisfied before membership is terminated." In the instant case, the by-laws did not impose any restrictions upon appellee's withdrawal except they

did provide that membership in the Bureau would continue for a period of three successive years and appellee's declaration was that he had joined appellants for such a period of duration. By becoming a member in appellants' associations, appellee impliedly agreed to be bound by its constitutions, rules and by-laws. *O'Brien v. Rittman,* 176 Ill. App. 237. One who becomes a member of a corporation is deemed to have known and assented to the provisions of its charter and by-laws and cannot be heard to object to the enforcement thereof. 25 R. C. L. 50. By-laws are self-imposed rules resulting from an agreement or contract between the corporation and its members to conduct the corporate business in a particular way. 7 R. C. L. 143. Farm bureaus, agricultural associations, clubs or societies all have the right to make their own rules upon the subject of the admission or exclusion of members and these rules may be considered as articles of agreement to which all who become members are parties. Such bodies may impose such terms and conditions upon the membership as they may choose, and members must comply with those terms and conditions in order to be entitled to the benefits of membership. 25 R. C. L. 54.

In the *Lehman* case, there was no promise to pay but in the instant case there was an absolute promise to pay by appellee to the treasurer of the La Salle County Farm Bureau the sum of $15 each year for three years. In the *Lehman* case the member did not become a member for any stated period, the court stating (page 288): "The payment of an admission fee is insurance in advance up to the maturity of the first assessment provided for by the constitution and by-laws and by the certificate of membership and the application. If the member paid no more, he simply forfeited all that he had paid and all benefits under his certificate, but had paid for all he had received.

By paying the first assessment and continuing to pay assessments thereafter made from time to time, each time he so paid an assessment his assessment was for his insurance until the maturity of the next assessment,'' but in the instant case, appellee's membership both by virtue of his declaration and the by-laws was for a period of three successive years and in our opinion appellee could not during that period terminate his membership by refusing to pay his dues.

In *United Hebrew Benev. Ass'n v. Benshimol,* 130 Mass. 325, it appeared that the plaintiff was an incorporated association, its object being to raise funds for the purpose of granting temporary relief to poor and helpless Israelites. Its constitution provided that any Israelite desiring to become a member could be proposed to the board of directors by paying $1.00 admittance fee and after being elected must pay $5.00 yearly in advance as dues to the association. The defendant was elected a member in 1869, paid his admission fee of $1.00 and the $5.00 annual dues and continued to pay the $5.00 each year for dues up until May, 1875. In an action to recover from the defendant member the annual dues for the five succeeding years the court, in holding the member liable, found he had not resigned his membership, was legally bound by an implied promise to pay the dues provided for by the constitution and by-laws and held that the defendant assumed the obligation to pay the annual dues by joining the association and that the benefit of membership afforded a sufficient consideration, so long as it continued, for the defendant's promise.

In *Boston Club v. Potter,* 212 Mass. 23, 98 N. E. 614, it was held that the by-laws of a club constitute a contract between the members and the corporation and that a member, to relieve himself of liability for membership dues, must comply with the provisions of the by-laws and that by simply failing to pay dues, as

required by the by-laws, he could not thereby terminate his liability therefor.

In our opinion the facts in the instant case are clearly distinguishable from those in *Lehman v. Clark, supra,* and the other cases relied upon by appellee are not in point as they were all actions to recover upon notes given or subscriptions made to aid in defraying the expense of remodeling a church, purchasing a bell, raising a fund, or promoting a like object, and those cases all announce the rule to be that a voluntary subscription may be withdrawn at any time before money has been expended or liability incurred on the faith of it, and that want of consideration is available inasmuch as the promise in such cases stands as a mere offer and may be revoked at any time before being acted upon, it being the expending of money and incurring legal liability on the faith of the promise that gives the right of action.

From what we have said it follows that the judgment of the trial court should be reversed and cause remanded, which is accordingly done.

*Reversed and remanded.*