Rollie S. Tate, Administrator of the Estate of Martha E. Tate, Deceased, Appellee, v. The Farmers and Merchants Bank of Vandalia, Appellant.

Opinion filed June 4, 1934.

MATHENY & WELKER, for appellant.

J. G. BURNSIDE, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

On January 30, 1933, the Farmers and Merchants Bank of Vandalia closed its doors and the State auditor took charge. On that date, Martha E. Tate, plaintiff's intestate, was a creditor of said bank to the extent of $3,157.25, evidenced by a time certificate of $3,000, and a checking account of $157.25.

Immediately after the closing of said bank plans were put forth for its reopening and the resumption of business. The plan was approved by the auditor and a certain waiver agreement was submitted to the depositors, among whom was Martha E. Tate; the waiver agreement was executed by her on April 20, 1933, a true copy of said waiver appearing in the second plea of defendant. The plan of reopening was perfected and the bank reopened and resumed business, without restrictions, on June 12, 1933. In the

interim, that is, between April 20, 1933, and June 12, 1933, Martha E. Tate, on May 1, 1933, died intestate. Rollie S. Tate was appointed her administrator and as such administrator brought this suit.

Defendant filed three pleas, the general issue and two special pleas. The second plea sets up the waiver agreement and avers performance on its part of the waiver agreement forbearing to sue and relies upon that defense. A demurrer was interposed to the second and third pleas and sustained. Plaintiff withdrew its first plea and elected to stand by its second and third pleas and refused to plead further. Judgment was rendered and this appeal perfected.

Plaintiff's intestate made the contract here involved in good faith and for a valuable consideration. It was an optional contract binding on her until the time of the option expired which in this case was a reasonable time. It would have been manifestly unfair and unjust to those other contractors in the same class, should plaintiff intestate have been allowed to withdraw this offer at will. Her status was different from the case of the church subscriber described in *Beach v. First M. E. Church,* 96 Ill. 177, or *Pratt v. Trustees of Baptist Society of Elgin,* 93 Ill. 475. Her status is more accurately described in *Tonica & P. R. Co. v. McNeely,* 21 Ill. 71, where a subscriber to the capital stock of a projected corporation died prior to the creation of the corporation. His estate was held to be bound by the subscription. The mutual promises of the several subscribers was the consideration. We regard the consideration passing among the parties who joined in the plan of reopening this bank, a real consideration, mutual among each other from which none could withdraw during the life of the option given. We are of the opinion that the contract made by plaintiff's intestate, during the term of its life was as binding upon her, her heirs, administration, etc., as if the

contract had thus provided in so many words. It is the duty of courts so to construe contracts as to render them enforceable where it can reasonably be done. It is certainly not the duty of courts to go out of the way to render contracts ineffective. Especially is this true when to do so will render manifest injustice to others who have been influenced to make like contracts in consideration of the making of the one under consideration. We are òf the opinion that the special pleas in this case, if proven, constitute a defense to the charges in the declaration and that the trial court erred in sustaining the demurrer to them.

The case is therefore reversed and the cause is remanded to the circuit court with directions to that court to overrule the demurrer to the special pleas.

*Reversed and remanded with directions.*